**CIRCUIT COURT OF THE CITY OF RICHMOND**

William B. Pleasants, III

v.

Johnston-Willis Hospital, Inc.

January 8, 1976

Case No. 8322

By JUDGE ALEX H. SANDS, JR.

This case comes before the court upon defendant's motion for summary judgment based upon the pleadings at this stage.

The case involves an alleged breach of an employment contract between plaintiff and defendant. Plaintiff alleges that on or about December 19, 1974, the parties entered into a verbal contract of employment under the terms of which plaintiff was employed in the status of a permanent full-time employee at a salary of $15,000 per annum, subject to a probationary period of three months' duration. Plaintiff alleges that he entered into service under the terms of the contract on December 24, 1974, and was, without notice and without just cause, discharged on January 13, 1975.

The defenses interposed by Johnston-Willis Hospital are, primarily, three in number. First, the defendant contends that the pleadings to date conclusively establish the fact that the contract in question was not for any definite period and was, therefore, terminable at will. Defendant, secondly, contends that under the terms of the so-called "Hospital Handbook" which define the relationships existing between employer hospital and its employees, at any time during the probationary period the hospital could discharge the defendant without cause. Thirdly,

the defendant contends that the plaintiff was guilty of misrepresentation upon his application for employment, that such misrepresentations were material, and that the contract of employment was thereby rendered void *ab initio*. These grounds assigned as the bases for summary judgment will be reviewed in the above order.

First, as to the nature of the contract, there is no question but that the generally accepted rule in this and other jurisdictions in this country is to the effect that a general hiring is terminable at the will of the parties, and a contract of employment for an indefinite term may be terminated at the will of either party. *Title Insurance Co. of Richmond, Inc. v. Clara A. Howell*, 158 Va. 713 (1932). Defendant argues that answers to the interrogatories propounded to and answered by the plaintiff conclusively establish the fact that the contract here involved was for an indefinite term. We must, therefore, at this juncture, examine the interrogatory relied on and the answer thereto. Interrogatory number 14 propounded by the defendant states:

> State the exact manner by which each party to this alleged contract became bound by its terms.

By way of answer to this question, the plaintiff stated:

> Offer of employment was extended to me on December 19, 1974, by Mr. Goldberg, on behalf of defendant, and same was accepted. Said offer and acceptance occurred immediately subsequent to an extensive interview with Mr. Goldberg, and an investigation by Mr. Goldberg of my former employers, by telephone, in my presence . . . .

Plaintiff had been previously asked the question:

> State all facts which form the basis of your allegation that you and defendant entered into a contract of employment.

To which interrogatory the plaintiff answered:

> Prior to, contemporaneous with, and at all times subsequent to, the offer and acceptance of employment with defendant, Mr. Goldberg, in particular, and others informed me that I was being offered permanent employment as a salaried employee of defendant, subject to a probationary period of three months definite and fixed duration. The foregoing terms of employment were further amplified and reinforced by defendant's "Employee Handbook" and the employment application form of defendant. My acceptance of employment was in reliance upon the foregoing representations and with the understanding, based on same, that I was to be employed in a permanent capacity, subject to the probationary period of three months definite duration.

In view of the fact that this was a verbal contract of employment which would depend precisely upon the conversation that took place at the time, it is not felt that the above answers to interrogatories would be so all inclusive as to rule out the possibility that the question of the term of employment might have been specifically covered in the conversation at the time of employment. For this reason, it is felt that the interrogatories and answers thereto do not conclusively establish that the contract of employment was one of indeterminate duration.

As to the second ground for the motion for summary judgment, it is quite true that the defendant's handbook at page 5 in speaking of the probationary period states:

> If at any time during this period it becomes evident that you are not going to adjust properly, or you find that you do not like your work, you may resign or the hospital may request your resignation.

Defendant argues that this provision constitutes a contractual term giving the defendant the right, during the probationary period, to terminate the employment without cause. This position is not tenable in the court's opinion for two reasons. In the first place, this so-called "hand-

book" is admittedly not a part of the contract itself; and while it certainly is evidence which could be considered at the trial as indicative of the understanding of the parties at the time of the verbal contract, yet it is not of itself actually a part of the contract between the parties. In the second place, it would be a matter of argument, and one which would be subject to evidentiary exploration, whether or not this provision is modified by the provisions appearing on pages 22 and 23 of the handbook relating to resignation, termination and discharge.

Finally, defendant takes the position that the answer of the plaintiff upon his application concerning his last employer is false, material, and that it therefore rendered the contract of employment in its entirety void *ab initio*. Here again, while this position might well be established by evidence when introduced, yet there will be presented a conflict of evidence as to whether this written provision in the application was subject to any explanation on the part of the plaintiff at the time of the employment conversations.

For the above reasons, the defendant's motion for summary judgment will be overruled.